IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTELLA WALKER, RAY ROBINSON, RAY ROBINSON, JR., GEORGE GRAHAM, AND CORNELIUS BURNS, | ) ) ) ) |
| Plaintiffs, | ) No. 2012-CV-1422 ) ) |
| v. | ) ) |
| THE CITY OF CHICAGO, OFFICERS SERGIO MARTINEZ, STAR NO. 19512, DAVID GUZMAN, STAR NO. 12877, WILLIAM MURPHY, STAR NO. 6066, DANIEL O'TOOLE, STAR NO. 15346, MARK GUTKOWSKI, STAR NO. 16228, SCOTT McKENNA, STAR NO. 3942, TAMARA MATTHEWS, STAR NO. 4640, TIMOTHY SCHUMPP, STAR NO. 9207, LAWRENCE STEC, STAR NO. 1980, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**AMENDED COMPLAINT**

NOW COMES the Plaintiffs, by and through their attorneys, the Moran Law Group, and complains of the Defendants for violations of Plaintiff's civil rights under the Constitution and the laws of the United States. In support of this Complaint, Plaintiffs state as follows:

**NATURE OF THE CASE**

This is a civil action seeking damages against defendants for committing acts, under color of law, which deprived plaintiffs of rights secured under the Constitution and the laws of the United States. Defendants, while acting in their capacities as police officers in the City of Chicago, County of Cook, State of Illinois, deprived plaintiffs of their liberty without due process

of law, made an unreasonable search and seizure of the persons and property of plaintiffs, and deprived plaintiffs of their property without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

1. This court has jurisdiction over this matter as it involves federal question jurisdiction pursuant to 28 U.S.C. § 1331, 1343(a)(1-4), conferring original jurisdiction on this court for any civil action to recover damages or to secure equitable relief under the Constitution, treaties, or any Act of Congress including those providing for the protection of civil rights, and jurisdiction pursuant to 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pled in this complaint pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391, as all events described herein took place in the Northern Judicial District and all parties reside, or are located within the Northern Judicial District of Illinois.

## FACTS

3. Plaintiffs Estella Walker, her husband, Ray Robinson, his son Ray Robinson, Jr., George Graham and Cornelius Burns are citizens and residents of the State of Illinois and citizens of the United States.

4. Defendant City of Chicago is an Illinois Municipal Corporation located within the

Northern District of Illinois.

5. Officer Sergio Martinez (Badge Number 19512) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

6. Officer David Guzman (Badge Number 12877) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

7. Officer William Murphy (Badge Number 6066) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

8. Officer Daniel O'Toole (Badge Number 15346) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

9. Officer Mark Gutkowski (Badge Number 16228) was at all times material to this

       Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

10. Officer Scott McKenna (Badge Number 3942) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

11. Officer Tamara Matthews (Badge Number 4640) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

12. Officer Timothy Schumpp (Badge Number 9207) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

13. Sergeant Lawrence Stec (Badge Number 1980) was at all times material to this Complaint a duly appointed Chicago Police Officer assigned to Unit 189, Area 2 of the Chicago Police Department. At all times material to this Complaint, defendant acted toward

plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

14. Plaintiff sues all defendants in their individual capacities.

15. On March 2, 2011, plaintiffs Ray Robinson, his son Ray Robinson, Jr., and a friend, George Graham, were lawfully abiding at Robinson and Estella Walker's first floor apartment at 1021 West 61st Street, Chicago, Illinois.

16. Unbeknownst to Plaintiffs, earlier that same day, the Chicago Police Department obtained a search warrant to search for an individual named "Mike" a male black, 30 years of age, 6'00" in height, and 230 pounds and the first floor apartment at 1021 W. 61st Street, Chicago, Illinois, to look for contraband, particularly for "crack cocaine." (A true and correct copy of the search warrant, left with the plaintiffs, is attached hereto as **EXHIBIT A**).

17. Ms. Walker had rented the first floor apartment on February 1, 2011 from the owner of the building, Cornelius Burns, who resided on the second floor. The building was a two-flat. (A true and accurate copy of the lease between Estelle Walker and Cornelius Burns is attached hereto as **EXHIBIT B**).

18. The first floor unit had been vacant for approximately one year and Mr. Burns had remodeled it during that time.

19. Ms. Walker and her husband were both over the age of 50 on March 2, 2011. Ray Robinson, Jr., was 24 and George Graham was 39.

20. At or about 1:25 p.m. on March 2, 2011, the plaintiffs Robinson Sr., Robinson Junior, and George Graham were watching television. They heard several cars outside screech to

a halt and looked out and saw three (3) unmarked cars in front and two (2) in back of the building. Seconds later, seven to eight police officers in plainclothes and one in uniform crashed through two hall doors with a slam bar.

21. The officers came in with guns drawn, were wearing plainclothes, and had no identifying information or badges displayed.

22. The officers immediately yelled to the plaintiffs to get on the ground. The police were yelling obscenities and all police officers had drawn guns, including a shotgun and at least one automatic rifle.

23. The officers were verbally and physically abusive, actually striking the plaintiffs on several occasions, while plaintiffs offered no resistance whatsoever.

24. Plaintiffs were never asked for identification by any of the officers.

25. Ray Robinson Sr. has diabetes and walks with a cane. Ray Robinson Sr., Ray Robinson Jr., and George Graham, who was recuperating from a stroke were handcuffed and assaulted. The officers repeatedly yelled "where are the drugs?," while striking plaintiffs.

26. Ray Robinson, Jr. was slapped by multiple defendants and strip searched by a Latino police officer who did not identify himself.

27. Another officer stomped on George Graham's head and right wrist while cuffed and on lying on the floor.

28. Claiming that they had been watching the apartment, the other officers went through the apartment, conducting a full search of the first floor premises.

29. While entering the apartment one of the officer's claimed to have heard a gun go off and repeatedly demanded the gun. None of the plaintiff's own a gun and no gun or other

contraband was found whatsoever.

30. The officers asked for the plaintiffs' identification which was given.

31. The apparent leader of the police was a short, white, chubby officer wearing a white shirt, with blondish hair. This individual appeared to get more and more agitated as the officers, tearing through the apartment, had found no contraband or any gun. He yelled he was going to "burn" someone.

32. After about an hour of entering and searching through every conceivable hiding place, including drawers, closets, and appliances, a sergeant came into the first floor apartment, walked around, and while leaving, stated (apparently to the other officers): "You fucked up another one."

33. The officers destroyed the apartment, doing, but not limited to, the following acts:

   a) threw the television off its stand;

   b) took multiple DVD's belonging to plaintiffs;

   c) stole or tore up Plaintiffs' "Link" cards;

   d) threw food from the pantry and refrigerator around the apartment;

   e) the same Latino officer that strip searched Ray Robinson Jr., actually urinated on the plaintiffs' mail;

   f) broke the washer and the air conditioner;

   g) tore up books and clothes;

   h) threatened to charge George Graham with bank robbery;

   i) told George Graham "you've been Punked":

   j) threw a music system on the floor of the apartment;

    k)     tore the pipes to the hot water heater off the wall;

    l)     tore the hot water heater off the wall;

    m)     dumped the contents of every drawer in the unit on the ground;

    n)     dumped the contents of the refrigerator on the ground;

    o)     tore up photographs in a funeral memorial book, and tore up photographs in an album;

    p)     spit into the plaintiffs' coffee maker;

    r)     took George Graham's keys and threw them across the street.

34. No guns, drugs or contraband were found in the apartment on the first floor and plaintiffs did not resist, interfere or impede the defendants in any way.

35. The first floor plaintiffs were cuffed throughout the search.

36. No names were displayed on any badges, nor was any identification of individual officers made to any plaintiff.

37. The defendants never showed the plaintiffs a search or arrest warrant. They left a copy of the warrant on the floor on their way out of the premises around 3:00 p.m. (See Exhibit A).

38. The defendants also went up to the second floor apartment where the landlord, plaintiff Cornelius Burns, resided. He was not home.

39. The officers broke through two closed and locked doors, causing serious damage, entered his apartment and searched it.

40. The officers behaved in a similar manner and thoroughly defiled and damaged Burns' apartment.

41. No drugs or contraband were found in the Burns' second floor apartment.

42. The police had no warrant for, no exigent circumstances and no probable cause on which to justify entry into the second floor apartment of Cornelius Burns.

43. Burns, an employee of the United States Department of Labor, was not home, but arrived home shortly after the police left his apartment in shambles as the plaintiffs on the first floor called him at work.

44. When Plaintiff Burns arrived, the police were gone. They had destroyed his personal belongings, trashed his apartment, and ruined appliances.

45. The police left a copy of the same search warrant on the floor of plaintiff Burns' apartment. (Please see Exhibit A).

46. The City of Chicago has failed to adequately train, supervise, or control the individual police officers named within this complaint resulting in the injury and damages alleged herein.

47. Defendant police officers had final decision making authority on whether to enter and search plaintiffs' property and persons, arrest and physically assault plaintiffs on behalf of the City of Chicago.

48. Defendant officers exercised their authority in searching plaintiffs' property and person, as well as in arresting and detaining plaintiffs despite knowing or willfully ignoring the fact that plaintiffs were not guilty of any violation of law, that there was no probable cause and no exigent circumstances existing on which to enter, search, arrest and assault plaintiffs. No charges were ever filed against any plaintiffs and no contraband was recovered.

## COUNT I
### VIOLATION OF CORNELIUS BURNS' FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE

49. Plaintiffs restate and reincorporate paragraphs 1-48 as if set forth in full here.

50. After finding no contraband on the first floor of the apartment building, Defendants forcibly entered into and physically damaged plaintiff's residence and personal property on the second floor without a search warrant, probable cause and absent any exigent circumstances, on or about March 2, 2011.

51. Neither the Chicago Police Department or its officers had any right to intrude into the privacy and security of plaintiff's apartment and persons located therein on or about March 2, 2011, or at any other time, without a valid warrant or probable cause, and absent any exigent circumstances.

52. Defendants' illegal search and abuse of plaintiffs premises, committed intentionally, either with malice or without malice, deprived plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

WHEREFORE, plaintiff Cornelius Burns demands judgment against defendants City of Chicago and the named Chicago Police Officers, jointly and severally, for compensatory damages in an amount capable of making plaintiff whole, and further demands judgment against each of said defendants, jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## COUNT II
### VIOLATION OF ESTELLA WALKER AND RAY ROBINSON SR.'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE

53. Plaintiffs restate and reincorporate paragraphs 1-48 as if set forth in full here.

54. Defendants forcibly entered into and physically damaged plaintiffs first floor residence and personal property without probable cause, absent any exigent circumstances and without a valid warrant on or about March 2, 2011.

55. Neither the Chicago Police Department or its officers had any right to intrude into the privacy and security of plaintiffs' apartment and persons located therein on or about March 2, 2011, or at any other time, without a valid warrant or probable cause, and absent any exigent circumstances.

56. Defendants' illegal search and abuse of plaintiffs, their guests, and plaintiffs' premises, committed intentionally, either with malice or without malice, deprived plaintiffs of their right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

WHEREFORE, plaintiffs Estella Walker and Ray Robinson Sr., demand judgment against defendants City of Chicago and the named Chicago Police Officers, jointly and severally, for compensatory damages in an amount capable of making plaintiffs whole, and further demands judgment against each of said defendants, jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## COUNT III
## VIOLATION OF RAY ROBINSON JR.'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE.

57. Plaintiff restates and reincorporates paragraphs 1-48 as if set forth in full here.

58. Defendants conducted a strip search of plaintiff without a valid search warrant, probable cause and absent any exigent circumstances, on or about March 2, 2011.

59. Neither the Chicago Police Department or its officers had any right to intrude into the privacy and security of plaintiff's physical person on or about March 2, 2011, or at any other time, without a valid warrant or probable cause, and absent any exigent circumstances.

60. Defendants' illegal search and abuse of plaintiff, committed intentionally, either with malice or without malice, deprived plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

WHEREFORE, plaintiff Ray Robinson Jr., demands judgment against defendants City of Chicago and the named Chicago Police Officers, jointly and severally, for compensatory damages in an amount capable of making plaintiff whole, and further demands judgment against each of said defendants, jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## COUNT IV
### VIOLATION RAY ROBINSON JR.'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION AND DUE PROCESS

61. Plaintiff restates and reincorporates paragraphs 1-48 as if set forth in full here.

62. During the course of defendants strip search of plaintiff, multiple defendants slapped and hit plaintiff, plaintiff then being in custody, unarmed, and unable to resist defendants.

63. At all times that the police were in the first floor apartment, Ray Robinson Jr., did not refuse to obey any lawful police orders.

64. Defendant was physically injured as well as humiliated and emotionally scarred by defendants' attack.

65. As a result of their concerted unlawful and malicious physical abuse of plaintiff, defendants intentionally, or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, plaintiff Ray Robinson Jr., demands judgment against defendants City of Chicago and the named Chicago Police Officers, jointly and severally, for compensatory damages in an amount capable of making plaintiff whole, and further demands judgment against each of said defendants, jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## COUNT V
### VIOLATION GEORGE GRAHAM'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION AND DUE PROCESS

66. Plaintiff restates and reincorporates paragraphs 1-48 as if set forth in full here.

67. During the course of defendants search, multiple defendants hit plaintiff, plaintiff then being in custody, unarmed, and unable to resist defendants.

68. Defendant officer John Doe also stomped on plaintiff's wrist, fracturing it and causing plaintiff to seek medical attention later that day.

69. At all times that the police were in the first floor apartment, George Graham did not refuse to obey any lawful police orders.

70. Defendant was physically injured as well as humiliated and emotionally scarred by defendants' attack.

71. As a result of their concerted unlawful and malicious physical abuse of plaintiff, defendants intentionally, or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, plaintiff George Graham demands judgment against defendants City of Chicago and Chicago Police Officers, jointly and severally, for compensatory damages in an amount capable of making plaintiff whole, and further demands judgment against each of said defendants, jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## COUNT VI
## INDEMNIFICATION PURSUANT TO 745 ILCS §10/9-102

72. Plaintiff restates and reincorporates paragraphs 1-48 as if set forth in full here.

73. At all times relevant to this Complaint, Defendant Officers Sergio Martinez, David

Guzman, William Murphy, Daniel O'Toole, Mark Gutkowski, Scott McKenna, Tamara Matthews, Timothy Schumpp and Lawrence Stec were acting in their official capacities as police officers of the Chicago Police Department, and under the direction and control of Area 2 and Unit 189 supervisors and Defendant City of Chicago.

74. The City of Chicago is liable to pay any damages based on the actions of the individual Defendants by virtue of 745 ILCS § 10/9-102.

WHEREFORE, plaintiffs demand judgment against Defendant officers' supervisors and defendant City of Chicago, jointly and severally, for compensatory damages in an amount capable of making plaintiff whole, and further demands judgment against each of said defendants (except the City of Chicago), jointly and severally, for punitive damages, plus the costs of this action, and such other relief as this Court deems just, proper and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

By: /s/ Matthew T. Layman
    Attorney for the Plaintiff

THE MORAN LAW GROUP
309 WEST WASHINGTON BLVD.
SUITE 900
CHICAGO, ILLINOIS 60606
(312)630-0200