## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ESTELLA WALKER, RAY ROBINSON,   )
RAY ROBINSON, JR., GEORGE GRAHAM,  )    Case No. 2012 CV 1422
AND CORNELIUS BURNS,   )
   )    JUDGE LEFKOW
           Plaintiffs,   )
   )    Magistrate Judge Rowland
     vs.   )
   )
THE CITY OF CHICAGO, OFFICERS SERGIO   )
MARTINEZ, Star No. 19512, DAVID GUZMAN,  )
Star No. 12877, WILLIAM MURPHY, Star No.   )
6066, DANIEL O'TOOLE, Star No. 15346,   )
MARK GUTKOWSKI, Star No. 16228, SCOTT   )
McKENNA, Star No. 3942, TAMARA   )
MATTHEWS, Star No. 4640, TIMOTHY   )
SCHUMPP, Star No. 9207, LAWRENCE STEC,  )
Star No. 1980,   )
   )
          Defendants.   )

## DEFENDANT SERGIO MARTINEZ'S ANSWER TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendant Sergio Martinez, by and through one of his attorneys, Kathleen D. Crawford,

Assistant Corporation Counsel for the City of Chicago, for his answer to plaintiff's First Set of

Interrogatories, states:

### Interrogatories

1.    Identify each person answering these interrogatories, supplying information, or
assisting in any way with the preparation of the answers to these interrogatories.

**Answer**:    Defendant Martinez objects to this interrogatory as vague and ambiguous

("supplying information"). Subject to and without waiving said objection Defendant Martinez

answers: Defendant Sergio Martinez, with the assistance of one of his attorneys, Kathleen

1

Crawford.

2.     Identify each person who you believe has knowledge of the facts alleged in the Amended Complaint or Defendants' Answer to the Amended Complaint.  For each person identified, state the following:

1.     Name
2.     Current employer;
3.     Position;
4.     Address;
5.     The matters about which he or she has knowledge; and
6.     The circumstances in which he or she obtained this knowledge.

**Answer**:     Defendant Martinez objects to this interrogatory as assuming the allegations

contained in the Amended Complaint as facts, calling for speculation and to the extent it seeks

information protected by the attorney-client privilege.  Subject to and without waiving said

objections, Defendant Martinez refers Plaintiffs to Defendants' Joint Rule 26(a)(1) Disclosures.

3.     Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

**Answer**:     Defendant Martinez objects to this interrogatory as vague and ambiguous

("possession, custody, or control"), seeking a legal conclusion ("relevant"), seeking information

equally if not more available to Plaintiffs, and as calling for speculation.  Subject to and without

waiving said objections, Defendant Martinez answers to the best of his knowledge that

Defendant City of Chicago is in possession, custody or control of police reports and documents

related to the search of 1021 W. 61st Street, Chicago, Illinois on March 2, 2011, as well as the

Plaintiffs.

4.     Identify each person that you intend to call as a witness to testify in support of your claims in this case, including each person who will be called as an expert witness or as a treating physician.  For each witness identified, state the subject matter(s) on which you expect the witness to testify.  For each expert witness, provide the information and documents required by Fed. R. Civ. P. 26(a)(2)(B).

2

**Answer:**      Defendant Martinez objects to this interrogatory as premature and as contrary to the witness disclosure provisions of Fed.R.Civ.P. 26. Subject to and without waiving said objections, Defendant Martinez refers Plaintiff to Defendants' Joint Rule 26(a)(1) Disclosures and states that Defendants will timely supplement their disclosures as required by Federal Rules of Civil Procedure, the Local Court rules, and the Court's orders.

5.      Describe what facts and evidence, as well as the source of any facts and evidence, that led Defendants to believe that an individual named "Mike," as described in Search Warrant 11SW3981 was at 1021 W. 61st Street, Chicago, Illinois on March 2, 2011, and was, or had, engaged in the unlawful possession of a controlled substance.

**Answer:**      Defendant Martinez objects to this interrogatory to the extent it seeks confidential information regarding an anonymous informant. Subject to and without waiving said objections, Defendant Martinez refers Plaintiff to the Complaint for Search Warrant 11SW3981 (City 00005-6) and answers further that information contained in the search warrant was received from J. Doe, an anonymous informant. Defendant Martinez answers further that he ran the history of the target address 1021 W. 61st Street, Chicago, Illinois in the Chicago Police Department CLEAR system; had J. Doe confirm that a photograph of said address was the address where J. Doe purchased drugs; drove J. Doe past that same address where J. Doe verified in person that it was the same address; and presented J. Doe in person to Cook County Circuit Court Judge Chevere, who questioned J. Doe regarding the allegations contained in the search warrant and had J. Doe swear to the veracity of the allegations contained in the search warrant.

6.      Name the confidential informant that provided Defendants with the information used to obtain Search Warrant 11SW4891 and the confidential informant's contact information.

**Answer:**      Defendant Martinez objects to this interrogatory to the extent it seeks confidential information regarding an anonymous informant.

3

7.   Describe any other source(s) of facts, information and evidence (other than confidential Informant "J. Doe"), that Defendants used or relied upon in obtaining Search Warrant 11SW4891 for the search of 1021 W. 61st Street, Chicago, Illinois on March 2, 2011.

**Answer:**   Defendant Martinez objects to this interrogatory as vague and ambiguous

("source(s) of facts, information and evidence").  Subject to and without waiving said objection,

Defendant Martinez refers Plaintiff to Search Warrant 11SW3981 (City 00005-6), and answers

further by referring Plaintiffs to his answer to Interrogatory 5.

8.   Describe any steps and actions taken prior to March 2, 2011, and specifically the date those actions were taken, by any Defendant to verify that the factual information provided by the confidential information "J. Doe," was accurate.

**Answer:**   Defendant Martinez objects to this interrogatory as vague and ambiguous

("source(s) of facts, information and evidence").  Subject to and without waiving said objection,

Defendant Martinez refers Plaintiff to Search Warrant 11SW3981 (City 00005-6), and answers

further that each of the steps outlined in Defendant Martinez's answer to Interrogatory 5 were

conducted on either March 1st or the morning of March 2nd, 2011.

9.   Identify the officer(s) who searched Ray Robinson, Jr.'s physical person.

**Answer:**   Defendant Martinez objects to this interrogatory as assuming the allegation

contained in the Amended Complaint as fact, overly broad in time, and as calling for speculation.

Subject to and without waiving these objections, Defendant Martinez answers that all occupants

of 1021 W. 61st Street, Chicago, were subject to a protective pat-down during the execution of

the search warrant on March 2, 2011, but that Defendant Martinez does not have a specific

recollection as to which officer(s) conducted protective pat-downs of Plaintiff Ray Robinson, Jr.

10.   Identify with specificity and particularity what "contraband" Defendants are claiming to have found while searching 1021 W. 61st Street, Chicago, Illinois on March 2, 2011, as set forth in Paragraph 34 of Defendants' Answer to Plaintiff's Amended Complaint.

4

**Answer**:    Defendant Martinez answers by referring Plaintiff to the Search Warrant Data

Sheet, specifically the page bates numbered City 00003.

　　　11.    Describe all weapons held by each Defendant Officer during the search of 1021
W. 61st Street, Chicago, Illinois on March 2, 2011.

**Answer**:    Defendant Martinez objects to this interrogatory as vague and ambiguous

("weapon") and as calling for speculation.  Subject to and without waiving said objection,

Defendant Martinez answers that he was carrying a semi-automatic weapon during the search of

1021 W. 61st Street, Chicago, but does not have a specific recollection as to what weapons the

other Defendant Officers were carrying that particular day.

　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　KATHLEEN CRAWFORD
　　　　　　　　　　　Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-0747
Attorney No.  06286785

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ESTELLA WALKER, RAY ROBINSON,　　　　　)
RAY ROBINSON, JR., GEORGE GRAHAM,　　　)　　　Case No. 2012 CV 1422
AND CORNELIUS BURNS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　　　)　　　JUDGE LEFKOW
　　　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　　　)　　　Magistrate Judge Rowland
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
THE CITY OF CHICAGO, OFFICERS SERGIO　　)
MARTINEZ, Star No. 19512, DAVID GUZMAN,　)
Star No. 12877, WILLIAM MURPHY, Star No.　)
6066, DANIEL O'TOOLE, Star No. 15346,　　　)
MARK GUTKOWSKI, Star No. 16228, SCOTT　)
McKENNA, Star No. 3942, TAMARA　　　　　)
MATTHEWS, Star No. 4640, TIMOTHY　　　　)
SCHUMPP, Star No. 9207, LAWRENCE STEC,　)
Star No. 1980,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　　)

## VERIFICATION

I <u>Officer Sergio Martinez</u> being first duly sworn on oath, deposes and states that he is a defendant in the above-captioned matter; that he has read the foregoing document, Defendant Martinez's Answer to Plaintiff's First Set of Interrogatories, and the answers made herein are true, correct and complete to the best of his knowledge and belief.

　　　　　　　　　　　　　　　　_Sergio Martinez_____
　　　　　　　　　　　　　　　　(Signature)

SUBSCRIBED and SWORN to before
me this 23rd day of October, 2012.

_Georgia Belo_____
Notary Public

Official Seal
Georgia V Beloso
Notary Public State of Illinois
My Commission Expires 03/24/2013