## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ESTELLA WALKER, RAY ROBINSON, | ) | |
| RAY ROBINSON, JR., GEORGE GRAHAM, | ) | |
| AND CORNELIUS BURNS, | ) | |
| | ) | No. 2012-CV-1422 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, OFFICERS SERGIO | ) | |
| MARTINEZ, STAR NO. 19512, DAVID GUZMAN, | ) | |
| STAR NO. 12877, WILLIAM MURPHY, STAR NO. | ) | |
| 6066, DANIEL O'TOOLE, STAR NO. 15346, | ) | |
| MARK GUTKOWSKI, STAR NO. 16228, SCOTT | ) | |
| McKENNA, STAR NO. 3942, TAMARA | ) | |
| MATTHEWS, STAR NO. 4640, TIMOTHY | ) | |
| SCHUMPP, STAR NO. 9207, LAWRENCE STEC, | ) | |
| STAR NO. 1980, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' RENEWED MOTION TO COMPEL

NOW COMES the Plaintiffs, by and through their attorneys, the Moran Law Group, and moves this Honorable Court to enter an order compelling Defendants to disclose their "John Doe" witness, or in the alternative order an *in camera* interview of the unknown witness by the Court. In support of this motion, Plaintiffs state as follows:

### NATURE OF THE CASE

This is a civil action seeking damages against Defendant City of Chicago and the named police officers for unreasonable search and seizure and unnecessary use of excessive force during the course of the unlawful search in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution.

-1-

## FACTS

On March 2, 2011, plaintiffs Ray Robinson, his son Ray Robinson, Jr., and a friend, George Graham, were lawfully abiding at Robinson and Estella Walker's first floor apartment at 1021 West 61st Street, Chicago, Illinois.  Ms. Walker had rented the first floor apartment, which had been vacant for approximately one year while being remodeled, on February 1, 2011 from the owner of the building, Cornelius Burns, who resided on the second floor of the two-flat.

Unbeknownst to Plaintiffs, earlier that on March 2, 2011, the Chicago Police Department obtained a search warrant to search for an individual named "Mike" a male black, 30 years of age, 6'00" in height, and 230 pounds and the first floor apartment at  1021 W. 61st Street, Chicago, Illinois, to look for contraband, particularly for "crack cocaine."   (A true and correct copy of the search warrant, and complaint for search warrant, is attached hereto as **EXHIBIT A**).

The warrant was obtained by Defendant Martinez on the basis of an alleged "John Doe" informant.  No name or identifying information has been provided on the alleged informant, despite Plaintiffs' written requests and Plaintiffs' counsel's conversations with the City attorneys. (A true and accurate copy of Defendants' Response to Plaintiffs' First Set of Interrogatories and e-mail to Defense counsel is attached hereto as **EXHIBIT B** and **EXHIBIT C** respectively).

After obtaining the search warrant based solely on the word of an admitted crack-cocaine addict, and without any further apparent investigation, Defendant officers executed a "no-knock" search warrant.  The officers came in with guns drawn, were wearing plainclothes, and had no identifying information or badges displayed.  The officers immediately yelled to the plaintiffs to get on the ground.  The police were yelling obscenities and all police officers had drawn guns, including a shotgun and at least one automatic rifle.  The officers were verbally and physically

abusive, actually striking the plaintiffs on several occasions, while plaintiffs offered no resistance whatsoever.   No one fitting the John Doe informant's description of "Mike" a black male, 30 years of age, 6'00" in height, and 230 pounds, was ever present at the Plaintiffs' home.

Ray Robinson Sr. has diabetes and walks with a cane.  Ray Robinson Sr., Ray Robinson Jr., and George Graham, who was recuperating from a stroke were handcuffed and assaulted. The officers repeatedly yelled "where are the drugs?," while striking plaintiffs.  Ray Robinson, Jr. was slapped by multiple defendants and strip searched by a Latino police officer who did not identify himself.  Another officer stomped on George Graham's head and right wrist while cuffed and on lying on the floor.

After approximately one hour of searching, (which included forcibly entering, searching and damaging the second floor apartment of Cornelius Burns in direct violation of the search warrant) Defendants were unable to find any weapons or contraband whatsoever.  By the end of the search, Defendants had basically destroyed the first floor apartment and trashed the second floor apartment.

In accordance with Local Rule 37.2, on two separate occasions, counsel for Plaintiffs has, in good faith, spoken by telephone with counsel for Defendants and requested either the identity of the "J. Doe" informant for deposition purposes, or to have Defense counsel agree to an *in camera* deposition of "J. Doe" under the supervision of the Court, excluding any identifying information or agreeing to have any such information sealed.  Defendants have refused to provide "J. Doe's" identity or agree to an *in camera* inspection.  (A true and accurate copy of Plaintiffs' counsel's affidavit attesting to such facts is attached hereto as **EXHIBIT F**).

**ARGUMENT**

Plaintiffs have filed counts alleging violations of their Fourth and Fourteenth Amendments, alleging that Defendants had no probable cause to enter their homes and did so without a valid search warrant.

In the case of the second floor apartment, there is no question as the search warrant was limited to the "1st floor apartment of a multi-unit building located at 1021 W. 61st st, (sic) Chicago, Illinois, Cook County," and that Defendants have violated Plaintiff' Burns Fourth and Fourteenth Amendment rights. However, in regards to the remaining Plaintiffs, they can only establish the same Constitutional violations if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). A "reckless disregard for the truth" can be shown by demonstrating that the officer "entertained serious doubts as to the truth" of the statements, had "obvious reasons to doubt" their accuracy," or failed to disclose facts that he or she "knew would negate probable cause." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003).

Here, Defendant Officer Martinez relied solely on the word of a "John Doe" informant in obtaining his search warrant. Officer Martinez and the City of Chicago Police Department also violated "Chicago Police Department Special Oder S04-19, "SEARCH WARRANT AND CONSENT TO SEARCH INCIDENTS," Sec. IV and Sec. VI (A) and (B), raising a strong challenge as to whether the search warrant was obtained fraudulently and under false premises.

Sec. IV deals with the preparing officer's requirements and Sec. VI addresses the unit commanding officer/watch commander's requirements for any search warrant. Officer Martinez

and his watch commander have violated these explicit police procedures, leading to the issuance

of an invalid search warrant, and creating good cause for Plaintiff's request to interview the

alleged "John Doe" informant.  Working backward these requirements state:

VI.      SEARCH WARRANT COMPLAINT PREPARATION

A.      A Department member preparing a Search Warrant will:

      1.      prepare one original Complaint for Search Warrant and one original Search Warrant.

      2.      ensure that both the Complaint for Search Warrant and the Search Warrant accurately and specifically describe the person and/or premises to be searched and articles to be seized.

      3.      present both the Complaint for Search Warrant and Search Warrant to the unit commanding officer/watch commander for review.

B.      The unit commanding officer/watch commander will:

      1.      examine the Complaint for Search Warrant and the Search Warrant in light of statutory and constitutional requirements.

      2.      determine that:

            a.      the facts alleged in the complaint are credible and reliable.  If the complaint is based upon information received from a John Doe, Unregistered Cooperating Individual, or Registered Cooperating Individual, the unit commanding officer/watch commander will:

                (1)      follow the guidelines established in Item IV of this directive.

                (2)      determine whether the Search Warrant is substantiated by claims or prior use of the particular individual or clearly indicates that an investigation undertaken as a result of the information received validates an assertion of the probable cause.

            b.      all facts stated in the complaint were properly obtained.

            c.      the investigation leading up to the need for a search warrant has been thoroughly conducted.  If additional investigation is

-5-

determined to be necessary, the complaint will be returned to the Department member for appropriate action.

d.     the information concerning the place(s) and/or person(s) to be searched is specifically and accurately described in both the Complaint for Search Warrant and the Search Warrant.

e.     the articles to be seized are described with particularity.

f.     the technical aspects of both the Complaint for Search Warrant and the Search Warrant are correct (dates, times, spelling of names, etc.).

g.     probable cause for the issuance of the Search Warrant is stated in the complaint.  Probable cause is present when the facts and circumstances are sufficient to warrant a person of reasonable caution to believe that a crime has been committed, and that evidence of the crime can be found at the premises to be searched.

3.     interview the Department member requesting the Search Warrant, if necessary for clarification or verification.

4.     ensure Chicago High Intensity Drug Trafficking Area (HIDTA) is notified and the serach warrant information is submitted on a Chicago HIDTA Deconfliction Submission for event deconfliction following the established procedures.

5.     indicate approval of both the Complaint for Search Warrant and the Search Warrant by **initialing with star number and recording the date of approval and deconfliction number** in the lower-left margin of the face side of **each original** document, returning the documents to the requesting Department member.  (Emphasis in original).

(A true and accurate copy of the relevant portions of "Chicago Police Department Special Oder S04-19, "SEARCH WARRANT AND CONSENT TO SEARCH INCIDENTS," is attached hereto as **EXHIBIT D**).

Sec. VI clearly requires that the police officer preparing a search warrant will present both the complaint for the search warrant and search warrant to the unit commanding officer/watch commander for review and that the unit commanding officer/watch officer will examine the

-6-

complaint for a search warrant and approve the search warrant by **initialing with star number and recording the date of approval** on the original documents.

Defendants have violated their own directives under Chicago Police Department Special Oder S04-19, Sec. VI, in that no approval for the search warrant appears to have been granted or indicated by the unit commanding officer/watch commander, meaning that no interview of the department member requesting the search warrant took place, no determination if the facts alleged were credible and reliable took place, no determination if the investigation leading up to the need for a search warrant had been thoroughly conducted, and therefore no probable cause for the issuance of the Search Warrant was determined prior to the warrant's execution.

Even more damaging is that the Search Warrant Data Sheet clearly states that the warrant was approved "post-execution," by not one, but two unit commanders/watch commanders. (A true and accurate copy of the Search Warrant Data Sheet for Search Warrant 11SW4891 is attached hereto as **EXHIBIT E**).

Plaintiffs have the burden of proving that the search of their home and seizure of their persons was done illegally and in violation of the Fourth and Fourteenth Amendments. In order to do so, Plaintiffs must establish that the search warrant was obtained fraudulently or in bad faith. Based solely on the written evidence already presented and the internal violations of Officer Martinez in procuring the search warrant by skipping supervisor approval, there is a serious question as to whether search warrant 11SW4891 was procured fraudulently or in bad faith.

In light of the foregoing facts, Plaintiffs move this Honorable Court to compel Defendants to disclose identifying information on the alleged "John Doe" informant who

provided the basis for search warrant 11SW4891; or alternatively to order Defendants to produce

"John Doe" for a deposition or an *in camera* inspection by this Court.


Respectfully submitted,


By:/s/Matthew T. Layman
      One of the Plaintiff's Attorneys

Moran Law Group
309 West Washington
Suite 900
Chicago, Illinois 60606
(312)630-0200